IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:03 CV-137-W

| | |
|---|---|
| NATHAN WAYNE BOWIE ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MARVIN POLK, Warden, ) | |
| Central Prison ) | |
| Raleigh, North Carolina ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court upon Petitioner's October 31, 2006 Application for a Certificate of Appealability pursuant to 28 U.S.C. § 2253© and Federal Rule of Appellate Procedure 22. [Doc. 67] Petitioner seeks to appeal the Court's denial of Claims I, II and III of his Petition for Writ of Habeas Corpus (hereinafter "PWHC" or "Petition") filed pursuant to 28 U.S.C. § 2254. Petitioner also seeks to appeal the Court's denial of his Second Motion to Amend his Petition.

This Court may issue a certificate of appealability (hereinafter "COA") only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the United States Supreme Court has stated, "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253© is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *See Miller-El v. Cockrell,* 537 U.S. 322, 338, 123 S.Ct. 1029, 1040 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). However, when a district court denies a claim on procedural grounds,

> a COA should issue when the petitioner shows, at least, that jurists of reason
> would find it debatable whether the petition states a valid claim of the denial of a
> constitutional right *and* that jurists of reason would find it debatable whether the
> district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484 (emphasis added).

CLAIM I: Ineffective Assistance of Counsel re: *Bruton* Error

Claim I is an ineffective assistance of counsel (hereinafter "IAC") claim surrounding admission at trial of co-defendant William Bowie's statement to police. *See Strickland v. Washington*, 466 U.S. 668 (1984). The Court will take an unusual amount of time and space to address Petitioner's application for a COA because in the instant application, Petitioner attempts to recast Claim I as a substantive claim that his Confrontation Clause rights were violated when William Bowie's statement was used against him at sentencing.

In order for the prosecution to introduce a non-testifying co-defendant's statement into evidence at a joint trial, the statement must 1) be properly sanitized and 2) be accompanied by a limiting instruction that it not be used against the defendant. *See Richardson v. Marsh*, 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987) At Petitioner's trial, the statement of his co-defendant, William Bowie, was introduced into evidence without a limiting instruction.

As indicated above, the claim actually raised in Claim I of the PWHC is ineffective assistance of counsel. In Claim I, Petitioner alleges two instances of deficient conduct on the part of counsel with regard to admission of William Bowie' statement: 1) failure to object to admission of the statement on the ground that it was not properly sanitized (PWHC pp. 22; 23-24; 27); and 2) failure to secure a limiting instruction after the statement was admitted (PWHC, p. 7, ¶ 11, "The first ground of ineffective assistance of counsel error – failure to request a

2

limiting instruction . . . .") Claim I argues prejudice only as it pertains to the sentencing phase of the trial. Petitioner does not allege that he was prejudiced at the guilt/innocence phase of the trial.

The MAR court determined that the statement was properly sanitized and that counsel, therefore, were not ineffective for failing to object to its admission on the ground that it was not properly sanitized. This Court concluded that the MAR court's holding was not an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). Reasonable jurists could find the Court's assessment of this claim debatable.

This Court further concluded that Petitioner's allegation that counsel were ineffective for failing to secure a limiting instruction after the statement was admitted was unexhausted in the state courts and, therefore, procedurally barred on federal habeas review. In order to have exhausted his claim that counsel were ineffective for failing to secure a limiting instruction after admission of William Bowie's statement (PHWC, p. 7, ¶ 11, "The first ground of ineffective assistance of counsel error – failure to request a limiting instruction . . . ."), Petitioner had to have "fairly presented" it in the state courts. In order to "fairly present" an IAC claim in state court, a defendant must "face up and squarely" identify the deficient conduct on the part of counsel and must argue how he was prejudiced. *See Matthews v. Evatt*, 150 F.3d 907, 911 (4th Cir. 1997) (citations omitted). The instant Motion, like the Petition, fails to direct this Court to *any* place in the MAR where Petitioner alleged that counsel were deficient for failing to seek or secure a limiting instruction after William Bowie's statement was admitted.[1] Because he did not allege

---

[1]In his MAR, Petitioner alleged that counsel were deficient for failing to object to admission of the statement on the grounds that it was not properly sanitized. (FIRST CLAIM (INEFFECTIVE ASSISTANCE OF COUNSEL: GUILT INNOCENCE PHASE) First Amended

3

deficiency on the part of counsel for failure to seek or secure a limiting instruction after William Bowie's statement was admitted, Petitioner could not have "fairly presented" an IAC claim to the MAR court on that ground regardless of where prejudice might have occurred.[2]

Furthermore, the fact that the MAR court acknowledged, and the State admitted, that the trial court erred in failing to give a limiting instruction after William Bowie's statement was admitted during the guilt/innocence phase of the trial does not satisfy the exhaustion requirement. Under 28 U.S.C. § 2254, *Petitioner* bears the burden of exhausting his state court remedies. *See Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994) (citations omitted). In his MAR, Petitioner did not raise an IAC claim as to *either phase* of the trial on the ground that counsel were deficient for failing to request or secure a limiting instruction after William Bowie's statement was admitted. Therefore, notwithstanding the MAR court's guilt/innocence analysis, Petitioner's claim that he was prejudiced *at sentencing* by counsel's failure to request or secure a limiting instruction after William Bowie's statement was admitted is unexhausted in the state courts and procedurally barred on federal habeas review.

Nevertheless, in light of the fact that no limiting instruction was given after William Bowie's statement was admitted, as required under the Sixth Amendment, the Court will grant a COA on this portion of the claim, as well. Petitioner's application for a certificate of

---

MAR, p. 14, ¶¶ 39)

[2] As evidence that he exhausted the instant IAC claim, Petitioner points to several places in his MAR where he argued that he was prejudiced at sentencing when prosecutors used William Bowie's statement against him in closing arguments. However, those prejudice arguments were made in MAR claims where the error alleged was something other than counsel's failure to seek or secure a limiting instruction after William Bowie's statement was admitted. Petitioner did not raise those claims in his PWHC.

appealability for Claim I is hereby GRANTED.

CLAIM II: Ineffective Assistance of Appellate Counsel re: Rochelle Bowie's Statement

Petitioner also seeks a COA for his claim that appellate counsel was ineffective for failing to assign as error or raise a claim on direct appeal that admission at trial of Rochelle Bowie's statement to police violated the Confrontation Clause of the Sixth Amendment. The trial court made a number of findings of fact and concluded that Rochelle Bowie's out-of-court statement showed "particularized guarantees of trustworthiness," as required for Confrontation Clause purposes. *See Idaho v. Wright*, 497 U.S. 805, 819, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). A finding of fact by a State court is presumed to be correct, and Petitioner bears the burden of rebutting that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner failed to provide clear and convincing evidence that the trial court's findings of fact were incorrect. This Court concluded that the trial court's actions were not unreasonable and that appellate counsel would not have been successful on appeal had he raised a Confrontation Clause claim. The Court does not believe that reasonable jurists would find its assessment of this claim debatable or wrong. Therefore, a COA for Claim II is DENIED.

CLAIM III: Ineffectiveness of Counsel at Sentencing

With regard to Claim III, Petitioner asserts that reasonable jurists would disagree with the Court's conclusion that Petitioner is not entitled to relief on his claim that trial counsel were constitutionally ineffective for failing to adequately investigate, discover and present readily available mitigating evidence to the jury at sentencing. In reading Petitioner's arguments in favor of a COA on this claim, it appears that Petitioner is under the misconception that the Court did not include in its prejudice analysis counsel's failure to secure three specific statutory mitigating

5

circumstances. The Court did include this issue in its prejudice analysis; however, to clear up any confusion, the Court will attempt to clarify how it approached the issue.

Capital defendants have the right under the Eighth and Fourteenth Amendments to present all relevant mitigating evidence to the sentencing jury, and the jury is obliged to consider that evidence in determining the appropriate sentence. *Buchanon v. Angelone*, 522 U.S. 269, 276, 118 S.Ct. 757, 761 (1998) (citations omitted). However, as long as a State's capital sentencing scheme permits the defendant to present all relevant mitigating evidence and does not preclude the sentencing jury from considering that evidence, the State is free to shape and structure the manner in which a jury may consider mitigating evidence. *See Kansas v. Marsh*, __ U.S. __, 126 S.Ct. 2516, 2523, (2006) (citations omitted). The U. S. Supreme Court has never held that the Constitution requires a specific methodology for presenting mitigating evidence for the jury's consideration. *See id*. at 2525. As such, North Carolina's list of statutory mitigating circumstances is a creature of state law; it does not arise from any constitutional requirement. Because there is no constitutional requirement that mitigating evidence be submitted in the form of statutory mitigating circumstances, whether a defendant is entitled to submission of a particular statutory mitigating circumstance is governed by state law.

As part of his IAC at sentencing claim, Petitioner asserted that but for the deficiency of counsel, the trial court would have been required to submit three specific statutory mitigating circumstances for the sentencing jury's consideration. The MAR court considered the mitigating evidence presented at sentencing and at the MAR evidentiary hearing and concluded as a matter of state law that even if counsel had presented all of that evidence to the jury, Petitioner would not have been entitled to submission of the three statutory mitigating circumstances at issue. A

6

state court's decision on a question of state law is not subject to review by a federal habeas court. *See Roach v. Angelone*, 176 F.3d 210, 217 (4th Cir. 1999); *Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998). Therefore, the MAR court's conclusion that Petitioner would not have been entitled to submission of the three mitigating factors was not subject to review by this Court. *See Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

Implicit in this Court's IAC analysis was the recognition that Petitioner could not have been prejudiced by counsels' failure to secure statutory mitigating circumstances to which Petitioner was not entitled to under state law. Notwithstanding the MAR court's determination that Petitioner would not have been entitled to submission of the three statutory mitigating circumstances, this Court considered the evidence Petitioner offered *in support of* those mitigating circumstances[3] when it re-weighed the aggravating evidence against all of the mitigating evidence adduced both at trial and in the post-conviction proceedings as required by *Wiggins v. Smith*, 539 U.S. 510, 534, 123 S.Ct. 2527, 2542 (2003).

Reasonable jurists could debate the Court's conclusion that Petitioner is not entitled to relief on his claim that trial counsel were constitutionally ineffective for failing to adequately investigate, discover and present readily available mitigating evidence to the jury at sentencing. Therefore, a COA for Claim III is GRANTED.

MOTION TO AMEND

Petitioner also seeks to appeal the Court's denial of his Second Motion to Amend his Petition, dated September16, 2004. In his Second Motion to Amend, Petitioner added a claim

---

[3]Petitioner also argues that the Court failed to consider some of the expert testimony offered in mitigation at the MAR evidentiary hearing. The Court considered the mitigating evidence that was consistent with the MAR court's findings of fact.

7

that he was denied a full and fair hearing in the state post-conviction court.[4] As fully laid out in the Order denying the Petition for Writ of Habeas Corpus, the Motion sought to add a claim that was not cognizable on federal habeas review and a new factual allegation that was relevant only to whether Portwood's testimony at the MAR hearing was credible.

The standard of review of a Court's decision on a motion to amend is "abuse of discretion." Petitioner has failed to demonstrate that reasonable jurists could conclude that the Court abused its discretion in denying the motion to amend. Therefore a COA is DENIED.

For the foregoing reasons it is HEREBY ORDERED THAT,

1. Certificates of appealability for Claims I and III are GRANTED;

2. A certificate of appealability for Claim II is DENIED, and

3. A certificate of appealability for the Court's denial of the Second Motion to Amend is DENIED.

Signed: December 10, 2006

Frank D. Whitney
United States District Judge

---

[4]Contrary to Petitioner's assertion in the instant application, Thomas Portwood died *before* Petitioner filed his Petition for Writ of Habeas Corpus.